**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| GERARD VON HAYNES,                    ) | |
|                 Petitioner,     ) | |
|                             ) | Civil Action No. 13-1137 |
|       vs.                                 ) | |
|                             ) | |
| MICHAEL WENEROWICZ; THE          ) | |
| ATTORNEY GENERAL OF THE STATE  ) | |
| OF PENNSYLVANIA,                          ) | |
|                Respondents.  ) | |


## <u>MEMORANDUM OPINION</u>

<u>Conti</u>, Chief District Judge

The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody, ECF No. 3, was filed *pro se* by Gerard Von Haynes ("Petitioner").   Petitioner is

attacking his convictions for *inter alia*, robbery and second degree murder in connection with his

shooting of a victim in the course of a theft.   As a consequence, Petitioner is serving a life

sentence without the possibility of parole.  The case was referred to a magistrate judge in

accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C

and D.   After this case was referred to a magistrate judge, Petitioner was permitted to amend his

Petition.  ECF No. 18.  The original Petition, ECF No. 3, and the Amendments, ECF No. 16, will

be collectively referred to as the "Amended Petition."

As explained in the Report and Recommendation issued by the magistrate judge (the

"Report"), Petitioner confessed to the crimes during a police interrogation.  After unsuccessfully

seeking to have his confession suppressed, the confession was admitted at his trial and the jury

convicted Petitioner.  In the Report, the magistrate judge concluded that Petitioner failed to show

that the state courts' adjudication of the claims raised in the Amended Petition was contrary to or

an unreasonable application of United States Supreme Court precedent.  ECF No. 20.  Petitioner

was notified that he had until May 12, 2016 to file objections to the Report.  On May 16, 2016, Petitioner's objections were received by the court. ECF No. 21.  The envelope in which the objections were mailed indicated that they were mailed on May 10, 2016.  Pursuant to the prisoner mail box rule, the objections were timely filed.

Having thoroughly reviewed the Report and the Objections, the court concludes that the Objections do not merit the rejection of the Report.

First, Petitioner claims that the Report was wrong because the state courts' adjudication of his claim that he was illegally arrested and interrogated in violation of <u>Miranda</u> is an unreasonable determination of the facts based on the evidence presented and is contrary to <u>Florida v. Bostick</u>, 501 U.S. 429 (1991).  Neither ground has merit.

With respect to the unreasonable determination of facts argument, the magistrate judge in the Report concluded that the state court made a credibility determination regarding what the facts were surrounding Petitioner's leaving his girlfriend's home and voluntarily accompanying the police to the police station.  Petitioner testified as to one version of the facts, and the police testified to a different version of the facts. In resolving this credibility issue, the state court after conducting a hearing, credited the police officer's version of the events.  Consequently the state court found that Petitioner was not seized at his girlfriend's home, but voluntarily accompanied the police to the station and voluntarily gave incriminating statements after being Mirandized.  In doing so, the state court rejected Petitioner's version of the events.

In his objections, Petitioner complains that "the self serving testimony presented by Detective McGee describes a perfect scenario of a 'mere encounter' by police.  It's [sic] absolute perfection renders the testimony incredible and unbelievable."  ECF No. 21 at 3.  In contrast, Petitioner contends that the testimony proffered in support of his version of the events was not

2

scripted as was the police testimony and his testimony was more credible. The arguments about credibility are unpersuasive. Coombs v. Maine, 202 F.3d 14, 18 (1st Cir. 2000)("If the suppression court upheld the confession because it credited Carter's testimony that he had made no promise to flush the marijuana in return for Coombs's confession to theft, Coombs's case for federal habeas relief largely evaporates. Such a state court finding of 'basic, primary, or historical facts' based on a credibility determination is 'presumed to be correct,' subject only to rebuttal by 'clear and convincing evidence.' 28 U.S.C. § 2254(e)(1). We find no rebuttal of that nature here."); Utz v. Sobina, No. Civ.A. 01-389J, 2006 WL 1455595, *6 (W.D.Pa. May 22, 2006)("The trial court's decision to find one witness more credible than another, without more, is never 'an unreasonable determination of the facts in light of the evidence presented' at the suppression hearing. 28 U.S.C. § 2254(d)(2); *see Weeks v. Snyder*, 219 F.3d 245, 259 (3d Cir.2000) (*quoting Marshall v. Lonberger*, 459 U.S. 422, 434 (1983), for the proposition that habeas review does not permit a federal court to redetermine the credibility of witnesses whose demeanor has been observed by the state court)"). Petitioner did not rebut the presumed correctness of the state court's factual determination that testimony of the police officers was more credible than the testimony supporting Petitioner's version of the events. The state court's resolution of conflicting testimony is presumptively correct and petitioner did not rebut this presumption with any evidence. Accordingly, this objection is overruled.

Petitioner's second objection is that the state courts' adjudication of his Fourth Amendment claim that he was illegally arrested at the girlfriend's home was contrary to Florida v. Bostick, 501 U.S. 436 (1991). Petitioner does not further explain how the state court's decision are contrary to Bostick. This court cannot conclude that the state courts' adjudication of Petitioner's Fourth Amendment claim was contrary to Bostick.

Bostick involved the factual scenario where police boarded a bus and asked passengers voluntarily to permit the police to search their luggage. The Florida Supreme Court held that, given the confined nature of the bus encounter, the passengers are necessarily seized because they are not free to leave and any consent is consequently not voluntary. Id. at 433 ("The Florida Supreme Court thus adopted a *per se* rule that the Broward County Sheriff's practice of 'working the buses' is unconstitutional."). The United States Supreme Court granted certiorari and reversed, holding that such a *per se* rule is not correct. The appropriate test to determine whether a person is seized is "whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" Id. at 437. The United States Supreme Court vacated the ruling of the Florida State Supreme Court and remanded the case to that court to apply the correct test.

Petitioner did not elaborate about how the state court's disposition of his Fourth Amendment claim is contrary to Bostick. The Pennsylvania Superior Court applied the correct test in affirming the PCRA court's denial of relief with respect to this issue and its decision was fully consonant with the Bostick. Compare Bostick, 501 U.S. at 437 ("whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'") with superior court slip op., ECF No. 8-5 at 41 ("The assessment of reasonable suspicion, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances. . . .").

Lastly, Petitioner objects to the magistrate judge's application of the deferential standard of review required by the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132.

Tit. I § 101 (1996) (the "AEDPA ") to the state court's adjudication of his <u>Miranda</u> involuntary

confession claim.  He argues that review in habeas proceedings of the voluntariness of his

confession is subject to de novo review as a mixed question of law and fact.  ECF No. 21 at 3 - 4.

 Petitioner cites three decisions for this proposition: <u>Muniz v. Johnson</u>, 132 F.3d 214 (5th Cir.

1998); <u>Reese v. Delo</u>, 94 F.3d 1177 (8th Cir. 1996); <u>Rupe v. Ward</u>, 93 F.3d 1434 (9th Cir. 1996).

All three decisions involved habeas petitions that were filed before the enactment of the AEDPA

and, consequently, the deferential standards of the AEDPA did not apply.  <u>See</u>, <u>e.g.</u>, <u>Woodford v.</u>

<u>Garceau</u>, 538 U.S. 202, 207 (2003) ("[W]hether AEDPA applies to a state prisoner turns on what

was before a federal court on the date AEDPA became effective. If, on that date, the state

prisoner had before a federal court an application for habeas relief seeking an adjudication on the

*merits* of the petitioner's claims, then amended § 2254(d) does not apply. Otherwise, an

application filed after AEDPA's effective date should be reviewed under AEDPA, even if other

filings by that same applicant-such as, for example, a request for the appointment of counsel or a

motion for a stay of execution-were presented to a federal court prior to AEDPA's effective

date."); <u>Gratzer v. Mahoney</u>, 397 F.3d 686, 689 (9th Cir. 2005) ("The determination of whether

AEDPA applies to a habeas petition is reviewed de novo. Gratzer's original petition for habeas

corpus was filed in 1987, and the AEDPA amendments' effective date is April 24, 1996. Pre-

AEDPA law applies to the merits of Gratzer's petition.") (citations omitted).

The application in the Report of the deferential AEDPA standard to the state court's

adjudication of Petitioner's involuntary confession claim was clearly correct given that the

petition was filed after the effective date of AEDPA and given that the state courts did, in fact,

adjudicate Petitioner's claim of involuntary confession on the merits.  <u>See</u>, <u>e.g.</u>, <u>Fahy v. Horn</u>,

516 F.3d 169, 194 (3d Cir. 2008) ("Because this claim [of the voluntariness of the petitioner's

confession] was adjudicated on the merits in state court, it is entitled to deference under AEDPA."); Reardon v. Hendricks, 82 F. App'x 273, 276 (3d Cir. 2003) (applying AEDPA standard of review to state court's adjudication of the voluntariness of a confession); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA ... do not apply . . .  In such an instance, the federal habeas court must conduct a de novo review over pure legal questions and mixed questions of law and fact, as a court would have done prior to the enactment of AEDPA.").

Accordingly, after *de novo* review of the Report and the objections and the record of this case, the Report will be adopted and an order will be entered dismissing the Amended Petition. A certificate of appealability will also be **DENIED**.


*s/Joy Flowers Conti*
JOY FLOWERS CONTI
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  July 5, 2016

cc:  The Honorable Maureen P. Kelly
     Chief United States Magistrate Judge


     Gerard Von Haynes
     GY-8752
     SCI Graterford
     Box 244
     Graterford, PA 19426-0426


     All Counsel of Record Via CM-ECF